UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YOHANNES BOLDS,

    Defendant

and

MICHIGAN DEPARTMENT OF TREASURY,

    Garnishee.
                                                /

Case No. 06-15579

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT AND TO STAY GARNISHMENT [22]**

This matter comes before the Court on Defendant Yohannes Bolds's motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b)(5) or (b)(6). For the reasons stated herein, Defendant's motion is DENIED.

**I.    Procedural History**

On December 14, 2006, the Government filed a complaint against Defendant seeking payment on two student loans taken out in 1992 and 1993. (Dkt. 1.) On September 20, 2007, this Court granted Plaintiff's motion for summary judgment and awarded the Government a judgment against Defendant in the amount of $5,245.21, plus pre- and post-judgment interest. (Dkt. 12.) In 2009, Plaintiff garnished Defendant's lottery winnings of $2,533.69. (Dkt. 24, at 5.) There have been no other post-judgment payments received by

Plaintiff. (*Id.*) Defendant filed this motion on January 13, 2016, seeking relief from the 2007 judgment against him pursuant to Rule 60(b)(5) and (b)(6). (Dkt. 22.)

## II.  Analysis

Rule 60(b)(5) provides for relief from judgment where a judgment has been satisfied, released, or discharged. Fed. R. Civ. P. 60(b)(5). Defendant argues that a payment of $4,468.25 was paid toward his loans in 2003. (Dkt. 22, at 2-3.) Defendant contends that with this payment, the debt was paid in full, and the 2007 judgment should thus be vacated and relief provided. (*Id.*) Plaintiff acknowledges having received the 2003 payment of $4,468.25. (Dkt. 24, at 4.) According to Plaintiff, however, the payment—which was applied to Defendant's account at the time it was received—did not satisfy Defendant's outstanding balance. (*Id.*) As of the date of the filing of the Complaint in 2006, Defendant owed a total of $5,245.21. (Dkt. 1.) And as of the date of the hearing on this motion, Plaintiff informed the Court that the present balance on Defendant's account was $4,468.75. Thus, relief under Rule 60(b)(5) is not warranted, because the debt has not been paid in full, or otherwise satisfied, released, or discharged.

Rule 60(b)(6) permits relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is a catch-all provision that is only to be applied in "unusual and extreme situations where principles of equity mandate relief." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006) (internal citation omitted). Such relief is "extremely limited." *Isa v. Law Office of Timothy Baxter & Assocs.*, No. 13-cv-11284, 2013 WL 5692850, at *2 (E.D. Mich. Oct. 21, 2013). At the hearing on this motion, Defendant argued for relief for the additional reason that he was not responsible for having taken out the second loan in 1993. As Defendant has provided no support for this argument, however, the Court cannot

conclude this is the type of "unusual and extreme situation" which would warrant application of Rule 60(b)(6).

### III. Conclusion

For the above-stated reasons, Defendant's motion is DENIED.

SO ORDERED.

       S/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: February 24, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2016, by electronic and/or ordinary mail.

       S/Carol J. Bethel
       Case Manager