UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.

YOHANNES BOLDS,

  Defendant,

and

ST. JOSEPH MERCY OAKLAND
HOSPITAL,

  Garnishee.
              /

Case No. 06-15579

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S REQUEST FOR A GARNISHMENT HEARING [36]**

  This is a garnishment action. On December 14, 2006, Plaintiff United States of America filed a Complaint against Defendant Yohannes Bolds, seeking recovery of $5,245.21 in unpaid student loans. (Dkt. 1.) On September 20, 2007, this Court granted summary judgment in Plaintiff's favor, awarding Plaintiff $5,245.21, plus pre-judgment and post-judgment interest. (Dkt. 12.) On May 31, 2017, Plaintiff served a Writ of Continuing Garnishment upon Garnishee St. Joseph Mercy Oakland Hospital. (Dkt. 32.) Following Garnishee's Answer, Defendant filed a request for a hearing on the Writ of Continuing Garnishment, in which he claims that he has paid his debt in full. (Dkt. 36.) Defendant did not request a hearing on Garnishee's Answer. For the reasons that follow, Defendant's request for a garnishment hearing is DENIED.

28 U.S.C. § 3202(d) provides that courts shall hold a garnishment hearing when requested by a judgment debtor. But in cases not involving a default judgment, the issues at such a hearing are limited to: (1) "the probable validity of any claim of exemption by the judgment debtor"; or (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted." *Id.* As a result, courts have denied hearings where the debtor has not objected based on one of the issues listed in § 3202(d), where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation. *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008).

Here, the only argument Defendant has raised -- that he has paid his debt in full -- is plainly without merit, belied by his own submissions to the Court. As Defendant's documentation indicates, Plaintiff has received only $2,581.25 from Defendant since the 2007 judgment awarded Plaintiff $5,245.21, plus pre-judgment and post-judgment interest. (Dkt. 36, at 2-4.) That is not payment in full. Moreover, to the extent that Defendant may be arguing that he paid his student loan debt *before* the 2007 judgment, that issue has already been decided against him twice: (1) when the Court granted summary judgment in Plaintiff's favor; and (2) when the Court rejected Defendant's motion for relief from judgment. (*See* Dkt. 12; Dkt. 22; Dkt. 28.)

Given that Defendant's only objection to the Writ of Continuing Garnishment is plainly without merit, the Court DENIES his request for a hearing.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: July 12, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2017, by electronic and/or ordinary mail.

                      S/Carol J. Bethel
                      Case Manager